UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIEGFRIED TAPIA CARLOS and AMADO TRANATE YUZON, individually and on behalf of those similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC and GIS, LLC,<br><br>*Defendants.* | CIVIL ACTION NO. 25-cv-2564<br><br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3)** |

**CLASS ACTION COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs Siegfried Tapia Carlos ("Mr. Carlos") and Amado Tranate Yuzon ("Mr. Yuzon") (collectively, "Plaintiffs"), on their own behalf and on behalf of those similarly situated, allege as follows:

**I.    PRELIMINARY STATEMENT**

1. Plaintiffs are skilled laborers who worked at Grand Isle Shipyard, LLC and GIS, LLC (collectively, "Defendants") on B-1 visas with an "Outer Continental Shelf" designation ("B-1-OCS visa").

2. Defendants took Social Security and other payroll tax deductions from the B-1-OCS visa holders' wages.

3. Defendants cheated Plaintiffs and other similarly situated workers by submitting false informational tax returns (W-2s) reflecting those deductions. Defendants knowingly

mischaracterized Individual Taxpayer Identification Numbers ("ITIN") as Social Security numbers on the W-2 forms.

4.  For this reason, Plaintiffs bring a class action claim for Defendants' filing of false information returns with the U.S. Internal Revenue Service.

## II.   JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.  The Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Louisiana and therefore have minimum contacts with the State of Louisiana.

7.  Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Louisiana.

8.  Pursuant to Local Civil Rule 3.1, Plaintiffs disclose that this matter is related to *Ortiguerra et al. v. Grand Isle Shipyard, LLC et al.*, Civil Action No. 22-cv-00309 (E.D. La.) ("*Ortiguerra* Action") because both matters involve some of the same parties. The actions do not arise from the same transaction or occurrence, do not involve the same nucleus of operative facts, and do not present overlapping claims or issues for adjudication. The *Ortiguerra* Action concerns Defendants' housing practices and restrictions on workers' movement, while this action concerns Defendants' preparation and furnishing of federal tax information returns that misrepresented workers' ITINs as Social Security numbers, in violation of 26 U.S.C. § 7434. The claims asserted here require different proof and seek relief for injuries distinct from those alleged in the *Ortiguerra* Action.

### III.    PARTIES

9.    Plaintiff Siegfried Tapia Carlos is a resident of Florida who Defendants employed as a welder from 2018 until 2021. While Mr. Carlos worked for Defendants, he was a resident of the State of Louisiana.

10.    Plaintiff Amado Tranate Yuzon is a resident of Florida who Defendants employed as a welder from 2006 until 2021. While Mr. Yuzon worked for Defendants, he was a resident of the State of Louisiana.

11.    The plaintiff class consists of over 300 foreign nationals who (a) worked for Defendants; (b) with B-1 visas with an Outer Continental Shelf designation ("OCS"); (c) as welders, fitters, painters/riggers/blasters, cooks, mechanics, and/or housekeepers/laundrymen; (d) from 2019 to the present (collectively, "B-1-OCS workers").

12.    Pursuant to Fed. R. Civ. P. 23(b)(3), and as set forth below, Plaintiffs assert their claim individually and on behalf of all similarly situated individuals.

13.    Defendant Grand Isle Shipyard, LLC ("GI Shipyard") is a Louisiana Limited Liability Company domiciled in Galliano, Louisiana and headquartered at 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

14.    According to Louisiana Secretary of State records, Daniel St. Germaine is the Registered Agent for GI Shipyard, with the same address as the GI Shipyard headquarters.

15.    Defendant GIS, LLC ("GIS") is a Washington Limited Liability Company registered with the Louisiana Secretary of State as a Foreign Limited Liability Company. GIS's principal business office is 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

16. According to Louisiana Secretary of State records, Daniel St. Germaine is the Registered Agent for GIS, with the same address as the GIS business office.

## IV. STATEMENT OF FACTS

17. This action challenges Defendants' uniform tax-reporting practices applicable to B-1-OCS workers irrespective of housing location or nationality. The claims here do not arise from Defendants' housing rules, movement restrictions, or conditions of residence alleged in the *Ortiguerra* Action.

18. W-2 forms are "information returns" within the meaning of 26 U.S.C. § 7434. *See* 26 U.S.C. § 6724(d)(1)(A)(vii); 26 U.S.C. § 6051.

19. Defendants submitted W-2 forms that intentionally failed to associate Plaintiffs' and other similarly situated workers' wages and withholdings with corresponding Social Security numbers. Defendants' W-2 forms willfully mischaracterized Plaintiffs' and other similarly situated workers' ITINs as Social Security numbers.

20. For example, though Mr. Carlos was authorized to work in the United States and obtained a valid Social Security number, Defendants refused to use that Social Security number on his W-2 form.

21. When Mr. Carlos told Defendants he had a Social Security number, Defendants insisted that Mr. Carlos get an ITIN. When the envelope containing Mr. Carlos's ITIN arrived at Defendants' bunkhouse, the envelope was already open when Mr. Carlos picked it up. Defendants told Mr. Carlos that they opened it because they needed a copy of it. Defendants then used that ITIN, rather than Mr. Carlos's Social Security number, to report his wages and payroll tax—including Social Security—withholdings on his W-2 form.

22. In January 2020, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

23. In January 2021, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

24. In January 2022, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

25. On information and belief, in January 2023, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

26. On information and belief, in January 2024, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

27. On information and belief, in January 2025, Defendant GI Shipyard willfully filed fraudulent W-2 forms on behalf of B-1-OCS workers, mischaracterizing ITINs as Social Security numbers.

28. Defendants' mischaracterization of Plaintiffs' and other B-1-OCS workers' ITINs as Social Security numbers on the W-2 forms constituted willfully filing a fraudulent information return, giving rise to a civil claim under 26 U.S.C. § 7434.

29. In approximately March 2025, Mr. Carlos requested and received his earnings record from the Social Security Administration ("SSA"). The SSA records showed no earnings or withholdings were reported for 2021, when Mr. Carlos worked for Defendants.

30. Similarly, Mr. Yuzon requested and received his earnings record from the SSA. The SSA records showed no earnings or withholdings were reported from at least 2011 through 2021 when Mr. Yuzon worked for Defendants.

31. Upon information and belief, Defendants have continued this practice. For example, in or around mid-May 2021, Defendants met with some B-1-OCS workers and instructed them to obtain ITINs if they did not already have them, which were then used in place of Social Security numbers for W-2 purposes.

32. As a consequence of the false information returns, Plaintiffs and other B-1-OCS visa holders suffered or will suffer economic damages, including tax preparation and/or accountant fees to correct the misrepresentations and/or penalties related to associating the withholdings with actual Social Security numbers.

33. In 2025, Mr. Carlos paid $435 to an accountant to file his 2021 federal and Louisiana state taxes and to associate his Social Security number with his earnings and withholdings from his 2021 employment with Defendants.

34. Mr. Yuzon paid $69 to an accountant in 2023 to file his 2019 federal and Louisiana state taxes and to associate his Social Security number with his earnings and withholdings from his 2019 employment with Defendants. Mr. Yuzon paid $134 to an accountant in 2023 to file his 2020 federal and Louisiana state taxes and to associate his Social Security number with his earnings and withholdings from his 2020 employment with Defendants. Mr. Yuzon paid $145 to an accountant in 2023 to file his 2021 federal and Louisiana state taxes and to associate his Social Security number with his earnings and withholdings from his 2021 employment with Defendants.

## V. NON-ARBITRABILITY OF CLAIM

35. Plaintiffs' employment contracts with Defendants incorporated standard terms, including an agreement to arbitrate in the Philippines claims and disputes "arising from" their employment. However, Defendants' filing of false information returns with the IRS do not "arise from" Plaintiffs' employment, because Defendants' tax violations "were not a foreseeable result of the performance of the parties' contractual duties or the plaintiffs' services as an employee." *Ortiguerra v. Grand Isle Shipyard, LLC*, 630 F. Supp. 3d 793, 803-804 (E.D. La. 2022).

36. Plaintiffs' tax claims under 26 U.S.C. § 7434 are distinguishable from arbitrable claims for back wages and can be maintained independently of their employment or their contracts with Defendants. *Id.* at 805 (citing *Coffman v. Provost Umphrey Law Firm, L.L.P.*, 161 F. Supp. 2d 720, 732 (E.D. Tex. 2001); *Ford v. NYL Care Health Plans of Gulf Coast*, 141 F.3d 243, 250-51 (5th Cir. 1998)).

37. Plaintiffs suffered their economic injuries caused by Defendants' filing of false information returns after Plaintiffs no longer were employed at Defendants' operations. Therefore, their false information returns claims are not "claims and disputes arising from this employment." *Ortiguerra v. Grand Isle Shipyard, LLC*, 674 F. Supp. 3d 349, 355 (E.D. La. 2023).

## RULE 23 CLASS ALLEGATIONS

38. Pursuant to Fed. R. Civ. P 23(b)(2) and (3), Plaintiffs bring their claims on behalf of themselves and a class of persons ("the Class") consisting of:

> All individuals who, at any time between December 31, 2019 and December 31, 2025, (a) worked for Defendants GI Shipyard and/or GIS; (b) with B-1 visas with an Outer Continental Shelf designation ("OCS"); and (c) for whom Defendants GI Shipyard and/or GIS filed W-2 forms representing ITINs as Social Security numbers.

39. Excluded from the Class are legal representatives, officers, directors, assigns, and successors of Defendants; any individual who at any time during the class period has had a controlling interest in any Defendant; and all persons who submit timely and otherwise proper requests for exclusion from the Class.

### *Numerosity*

40. There are over 300 B-1-OCS workers who would be members of the Class in this action.

41. The members of the Class are sufficiently numerous that joinder of all members is impracticable.

### *Existence and Predominance of Common Questions*

42. Common questions of law and fact exist as to Plaintiffs and all members of the Class. These common questions include whether Defendants willfully filed fraudulent information returns with respect to payments purported to be made to any other person.

43. These common questions predominate over questions affecting only individual Class members.

### *Typicality*

44. Plaintiffs and proposed members of the Class have all been subject to the same unlawful practices of Defendants, and their claims arise out of these same practices.

45. Defendants subjected Plaintiffs and the proposed members of the Class to the same scheme that constitutes violations of 26 U.S.C. § 7434.

46. Plaintiffs and proposed Class members suffered similar types of damages: all are entitled to $5,000 per false information return. *See* 26 U.S.C. § 7434(b).

47. Plaintiffs' interests are co-extensive with the interests of the members of the Class; Plaintiffs have no interest adverse to the members of the Class.

48. Plaintiffs and the proposed Class members have the same statutory rights under 26 U.S.C. § 7434.

### *Adequacy*

49. Plaintiffs will fairly and adequately represent the interests of the members of the Class. Their interests do not conflict with the interests of the members of the Class they seek to represent.

50. Plaintiffs understand that, as class representatives, they assume responsibilities to the Class to represent their interests fairly and adequately.

51. Plaintiffs have retained counsel experienced in prosecuting class actions. There is no reason why Plaintiffs and their counsel will not vigorously pursue this matter.

52. The named Plaintiffs also serve as representatives in the related *Ortiguerra* Action alleging distinct statutory violations based on different operative facts. Plaintiffs bring this action separately to ensure efficient adjudication of claims that turn on tax-reporting evidence common to the class defined here.

53. This action does not seek to release or adjudicate claims based on Defendants' housing practices, movement restrictions, or alleged coercive conduct.

### *Superiority*

54. A class action is superior to other available means for the fair and efficient adjudication of the claim at issue herein because:

a. The damages suffered by each individual member of the Class may not be sufficient to justify the burden and expense of individual prosecution of the litigation necessitated by Defendants' conduct;

b. It would be difficult for members of the Class to obtain individual redress effectively for the wrongs done to them;

c. If individual actions were to be brought by each member of the Class, the result would be a multiplicity of actions, creating hardships for members of the Class, the Court, and the Defendants;

d. The members of the Class are indigent foreign nationals and workers who lack the means and resources to secure individual legal assistance, have limited command of the English language or familiarity with the United States legal system, and are particularly unlikely to be aware of their rights to prosecute this claim;

e. Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the Court system;

f. The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court; and

g. This case does not present individualized factual or legal issues which would render a class action difficult.

55. In the alternative, the Class may be certified because:

a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual

      members of the Class, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the members of the Class as a whole.

## COUNT I
### Filing False Information Returns
### (Class Claim Against Defendants)

56. All the foregoing allegations are incorporated by reference as if fully set forth herein.

57. This Count sets forth claims by Plaintiffs and other Class members against Defendants for damages resulting from Defendants' violations of 26 U.S.C. § 7434.

58. Defendants willfully filed W-2 forms misrepresenting class members' ITINs as Social Security numbers. By willfully and in bad faith filing the false information returns, Defendants violated 26 U.S.C. § 7434.

59. Each Plaintiff and other Class member therefore is entitled, under 26 U.S.C. § 7434(b), to recover $5,000.00 for each false information return Defendants filed on his or her behalf, the costs of this action, and reasonable attorneys' fees.

60. As required by 26 U.S.C. § 7434(d), Plaintiffs will provide a copy of this Complaint to the Internal Revenue Service.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and other B-1-OCS workers pray that this Court enter an Order:

a. Assuming jurisdiction over this action;

b. Certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel;

c. Declaring that the Defendants violated 26 U.S.C. § 7434;

d. Granting judgment to Plaintiffs other B-1-OCS workers and awarding each of them $5,000.00 per false information return;

e. Awarding Plaintiffs and other similarly situated workers their costs and reasonable attorneys' fees; and

f. Granting such further relief as this Court finds just and proper.

Respectfully submitted this day: December 30, 2025

/s/ Kenneth C. Bordes
Kenneth C. Bordes (Bar #35668)
Kenneth C. Bordes, Attorney at Law, LLC
3914 Canal St.
New Orleans, LA 70119
P: 504-588-2700
E: kcb@kennethbordes.com

/s/ Daniel Werner
Daniel Werner (GA Bar #422070)*
Elaine Woo (GA Bar #430956)*
Radford Scott LLP
125 Clairemont Ave., Suite 380
Decatur, GA 30030
P: 404-400-3600
E: dwerner@radfordscott.com
E: ewoo@radfordscott.com
*Pro hac vice application forthcoming

*/s/ Christopher B. Hall*
Christopher B. Hall (GA Bar #318380)*
Adam T. Mills (GA Bar #123930)*
Hall & Lampros, LLP
300 Galleria Parkway, Suite 300
Atlanta, GA 30339
T: 404-876-8100
E: chall@hallandlampros.com
E: adam@hallandlampros.com
*Pro hac vice application forthcoming*

**Attorneys for Plaintiffs**
